UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD DELORTO and NANCI DELORTO, | ) ) ) |
| Plaintiffs, | ) ) ) No. 25-cv-4703 |
| v. | ) ) Judge April M. Perry |
| OFFICE DEPOT, INC., JOHN DOE SCHAUMBURG IL STORE, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Richard Delorto and Nanci Delorto ("Plaintiffs"), proceeding *pro se*, bring this case against Office Depot, Inc. and John Doe at the Schaumburg, Illinois store ("Defendants"), based upon Richard Delorto's visits to an Office Depot in April 2025. Doc. 10. The complaint alleges claims of intentional infliction of emotional distress ("IIED") (Count I), discrimination in violation of the Americans with Disabilities Act ("ADA") (Count II), and elder abuse. *Id*. Defendant Office Depot now moves for dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(f). Doc. 29. For the reasons that follow, Office Depot's motion to dismiss is granted.

**BACKGROUND**

As is appropriate in deciding a motion to dismiss, the Court accepts the facts in Plaintiffs' complaint as true and draws reasonable inferences in their favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Richard Delorto characterizes himself as "a handicapped individual as defined under the ADA." Doc. 10 ¶ 7. Specifically, Richard Delorto walks with a cane and describes himself as

elderly and suffering from advanced spinal stenosis, cardiovascular disease, and PTSD associated with his military service. *Id.* ¶¶ 3, 7, 18. The complaint does not allege that Nanci Delorto suffers from any disability.[1]

Plaintiffs' claims arise out of incidents on April 16 and April 19, 2025 at the Office Depot in Schaumburg, Illinois. On April 16, Richard Delorto alleges that he went to Office Depot to laminate a wedding photograph. *Id.* ¶ 8. According to the complaint, Richard Delorto approached the printer counter and requested services from "John Doe" employee, and the following conversation ensued:

John Doe: "I'm busy and I can't do it right away."

Richard Delorto: "That's okay. I'll wait."

John Doe: "It won't be ready until tomorrow."

Richard Delorto: "Okay, I'll come back tomorrow."

*Id.*

On April 19, Richard Delorto returned to the store and asked John Doe if his picture was ready for pickup. *Id.* ¶ 9. John Doe accused Richard Delorto of throwing the photograph at him on his previous visit and then explained that it likely fell from the counter and someone either took it or threw it away. *Id.* ¶¶ 9-10. Out of increasing frustration, Richard Delorto called John Doe an "asshole." *Id.* ¶ 11. Things quickly deteriorated when John Doe wanted to "take this outside" while pointing at another male employee to be his witness. *Id.* ¶ 12. Plaintiff attempted to walk away while using his cane, and John Doe yelled for him to "Get out of my store… faster, faster." *Id.* ¶ 13. Richard Delorto sat down on the ground in protest. *Id.*

---

[1] Indeed, the complaint contains no factual allegations about Nanci Delorto.

2

Richard Delorto alleges that the incident, coupled with the fact that the photograph was gone, caused him to suffer "severe emotional distress, including but not limited to anxiety, humiliation, and mental anguish." *Id.* ¶ 15. Plaintiffs seek compensatory damages, punitive damages, and costs and fees. *Id.* at 5. Plaintiffs have expressed no desire to return to Office Depot.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The law is clear that a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

3

## ANALYSIS

Defendant Office Depot has moved to dismiss, asserting that Plaintiffs: (1) lack standing to bring an ADA claim; (2) fail to plausibly allege an ADA claim; and (3) fail to properly allege state law IIED and elder abuse claims. Doc. 29. Defendants also point out that Defendants "John Doe" and "Schamburg IL Store," were improperly named and have not been served.[2] Doc. 29 at 1.

Plaintiffs submitted a three-sentence response to the motion to dismiss, which states in full:

> This case is very clear. The Office Depot store video shows a young, healthy man threatening an elderly, handicapped person who is walking with a cane, with physical harm.
>
> If the Courts feel that this behavior is acceptable in our community, then there is no defense to this motion.

Doc. 32. Despite Plaintiffs' failure to respond to the arguments raised in Defendants' motion to dismiss, this Court must still determine whether Defendants are entitled to dismissal under Rule 12(b)(6). *See Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) ("Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response."); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("It is the defendant's burden to establish the complaint's insufficiency.").

The Court begins with Plaintiffs' ADA claim, the sole claim that provides this Court with subject matter jurisdiction. Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Protections under the ADA extend to "three major areas of public life:

---

[2] The Court only considers "Office Depot, Inc." and "John Doe" to be named defendants. The Court reads "Schamburg IL Store" as a reference to the location of the Office Depot store, not as a named party.

4

employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). This Court interprets Plaintiffs' claims as arising under Title III of the ADA, which "prohibits discrimination on the basis of a disability in places of public accommodation," including retail establishments like Office Depot. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013); 42 U.S.C. §§ 12181–89. A claim under Title III requires a plaintiff to show that the plaintiff is disabled within the meaning of the ADA, the defendant is a place of public accommodation, and that plaintiff was denied services because of his disability. *Mohammed v. DuPage Legal Assistance Foundation,* 781 Fed. Appx. 551, 552 (7th Cir. 2019).

Office Depot argues that Plaintiffs do not have standing to bring an ADA claim. Standing is a threshold requirement for a federal court's subject matter jurisdiction because of the Constitutional requirement that federal courts only may decide cases and controversies. *See Bazile v. Fin. System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). The elements of Article III standing are well established: "the plaintiff must show (1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability." *Scherr*, 703 F.3d at 1074. At the pleading stage, "a plaintiff may demonstrate standing by clearly pleading allegations that plausibly suggest each element of standing when all reasonable inferences are drawn in the plaintiff's favor." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (internal citation omitted).

Here, the "injury in fact" element has been insufficiently pled for both Plaintiffs. With respect to Nanci Delorto, the complaint does not allege that she was injured by any ADA

5

violation; in fact, it contains no allegations about Nanci Delorto's involvement in this case at all. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 496 (7th Cir. 2005) ("To confer standing, an injury must be particularized, meaning that it must affect the plaintiff in a personal and individual way." (internal citation omitted)). Nanci Delorto therefore does not have standing to bring this case. With respect to Richard Delorto, the complaint fails to assert a real and imminent threat of future injury.[3] This matters because, as discussed further below, the only relief available under the ADA is injunctive relief. And a plaintiff "lacks standing for injunctive relief where he alleges only a past injury and where there is no threat that the challenged future conduct will in fact recur and harm him." *Thompson v. Ortiz*, 619 F. App'x 542, 544 (7th Cir. 2015). In the context of Title III of the ADA, a plaintiff "must assert an intent to return to the particular place (or places) where the violations are alleged to be occurring." *Scherr*, 703 F.3d at 1075. Richard Delorto has not expressed an intent to return to the Schaumburg, Illinois Office Depot. Therefore, he lacks standing to pursue an injunction under Title III of the ADA.

In addition to no plausible allegations of standing, there are further problems with the complaint as it is currently drafted. First, "John Doe" employee, the only defendant named in the ADA discrimination count, cannot be sued under the ADA because ADA claims cannot be brought against individuals. *See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). Second, all of the relief requested by Plaintiffs is monetary. However, Title III only permits plaintiffs to seek injunctive relief and attorneys' fees. *See Scherr*, 703 F.3d at 1075 (noting that only injunctive relief, and not damages, are available under Title III); *Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006) ("Money damages … are not

---

[3] Richard Delorto filed a similarly deficient complaint in *Delorto v. Archer*, 24-CV-9014, Dkt. 29.

6

available to private parties under Title III"). Thus, even if Plaintiffs could demonstrate standing to bring a claim under the ADA, they would not get the relief they seek. Third, although the Court need not (and in light of the lack of standing, should not) delve deeply into the merits of the allegations pled, suffice it to say that the complaint as currently pled does not plausibly allege that Richard Delorto was denied any services due to his disability. A store employee yelling at someone who just called them an "asshole" is not an ADA violation. *See, e.g., Casper v. Gunite Corp.*, 221 F.3d 1338 (7th Cir. 2000) (refusing to find that harsh language directed at disabled employee was due to his disability); *Uhl v. Zalk Josephs Fabricators, Inc.*, 121 F.3d 1133, 1137 (7th Cir. 1997) ("A personality conflict doesn't ripen into an ADA claim simply because one of the parties has a disability"); *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (rejecting the "contention that Title III imposes a civility code").

Given that the Court is dismissing the only federal claim, it is also appropriate to dismiss the IIED and elder abuse claims. *See Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999) ("[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Plaintiffs will be given the opportunity to amend their complaint if they can do so consistent with the guidance laid out in this opinion. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (explaining that a plaintiff ordinarily should be given at least one opportunity to amend). Plaintiffs are cautioned that failure to fix the noted deficiencies of the ADA claim will result in this Court declining to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

For the forgoing reasons, Office Depot's motion to dismiss is granted. If Plaintiffs believe that they can amend the complaint consistent with this opinion, they must file an

amended complaint by December 15, 2025. Failure to adhere to this deadline will result in the dismissal of this matter with prejudice.

Dated: November 14, 2025

_____
APRIL M. PERRY
United States District Judge